# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL LORENCZ,

Plaintiff-Appellant,

v

BROOKFIELD TOWNSHIP and HURON
COUNTY,

Defendants-Appellees.

UNPUBLISHED
April 28, 2015

No. 319235
Huron Circuit Court
LC No. 13-105197-AW

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

In this dispute over the repeal of a township zoning ordinance, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We reverse and remand.

Defendant Brookfield Township first adopted a zoning ordinance in 1968, which was updated in 2008 to be consistent with the Michigan Zoning Enabling Act (ZEA), MCL 125.3101 *et seq.* On March 12, 2012, the Brookfield Township board of trustees adopted an ordinance that would have repealed the then-current zoning ordinance. However, in November 2012, the township's electors rejected the repealing ordinance by referendum. Subsequently, at the board's January 2013 meeting, the board adopted a resolution repealing the zoning ordinance.

Plaintiff commenced this action seeking a declaratory judgment, among other remedies, arguing that the ordinance could not be repealed by a resolution. The trial court held that because MCL 125.3202 was silent regarding the procedure to be followed when repealing a zoning ordinance, the zoning ordinance was properly repealed by the resolution. The court accordingly granted defendants' motions for summary disposition.

We review de novo the trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Questions of law, such as whether a zoning ordinance was properly repealed, are reviewed de novo. See *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 458-459; 773 NW2d 730 (2009).

Defendant Huron County's motion for summary disposition was brought under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). Defendant Brookfield Township's motion was predicated on subrule (C)(10). When granting summary

-1-

disposition, the court did not indicate whether it was ruling under subrule (C)(8) or (C)(10). However, because facts outside the pleadings were argued below, the proper basis for review is MCR 2.116(C)(10). *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

Summary disposition is appropriate under MCR 2.116(C)(10) when there is no genuine issue of material fact as to any matter except damages and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when, viewing the facts in a light most favorable to the opposing party, the record leaves open an issue upon which reasonable minds might differ. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Plaintiff argues that a resolution is not of equal dignity to an ordinance and thus cannot serve as a proper method for repealing the zoning ordinance in issue. We agree. Our Supreme Court has declared that "an ordinance may not be repealed or amended without action of equal dignity to that required in its enactment." *Saginaw v Consumers' Power Co*, 213 Mich 460, 469; 182 NW 146 (1921). "A resolution is not a law or an ordinance but merely the form in which a legislative body expresses a determination or directs a particular action. An ordinance prescribes a permanent rule for conduct of government, while a resolution is of special or temporary character." *Kalamazoo Muni Utilities Ass'n v Kalamazoo*, 345 Mich 318, 328; 76 NW2d 1 (1956).

In *Rollingwood Homeowners Corp v Flint*, 386 Mich 258, 267; 191 NW2d 325 (1971), our Supreme Court noted that "where the substance of City action requires the adoption of an ordinance, a resolution cannot operate as a de facto ordinance. The attempt to legislate by resolution is simply a nullity." The Court further noted there "may be small ordinances and big resolutions: the difference lies in the nature of the act, not its impact." *Id*. See also 5 McQuillin, Municipal Corporations (3rd ed), § 15:2, pp 97-99 (stating that "[a] 'resolution' is not an 'ordinance,' and there is a distinction between the two terms as they are commonly used in charters" and that "[a] resolution ordinarily denotes something less solemn or formal than, or not rising to the dignity of, an ordinance").

In the present case, the trial court attempted to distinguish the aforementioned early Supreme Court decisions, finding that the rules announced therein were not essential to the case and thus obiter dictum. However, in the cited cases, the Supreme Court was stating a rule of law and applying that rule to the facts of the case. See *Allison*, 481 Mich at 437 (explaining that when a statement by the Court addresses "an alternative argument raised" by the parties it is therefore "necessary to the disposition of the case" and "constitute[s] a rule of law"). In fact, the plaintiffs in *Kalamazoo Muni Utilities*, 345 Mich at 333, specifically argued "that an ordinance may not be repealed by resolution." Although the Supreme Court determined that an ordinance was not required for the specific action under the city charter in that case, *id*. at 333-334, the rule of law stating the character of ordinances and resolutions, *id*. at 328, was necessary to the outcome.

In sum, an ordinance may only be repealed by an act of equal dignity, which requires the township to repeal by ordinance and not resolution. *Consumers' Power Co*, 213 Mich at 469; see also 6 McQuillin, Municipal Corporations (3rd ed), § 21:13, pp 380-383. The 2013

resolution purporting to repeal the Brookfield Township Zoning Ordinance is therefore void and the zoning ordinance remains in effect. See *Rollingwood Homeowners Corp*, 386 Mich at 267.

We reverse the trial court's grant of summary disposition in favor of defendants and remand this case to the trial court for entry of an order granting plaintiff's motion for declarative relief consistent with this opinion.

Plaintiff also sought injunctive relief and writs of mandamus. Because these issues were not argued before the trial court, we express no opinion on them. However, on remand the trial court shall consider these matters as well.[1]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a public question having been involved.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola

---

[1] For the same reason, we express no opinion on the argument of defendant Huron County regarding the validity of the zoning ordinance.